Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-08-00710-CV

## IN THE MATTER OF E.D.A.R.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-JUV-01117
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:   July 1, 2009

AFFIRMED

This is an appeal from the trial court's adjudication and disposition orders following a contested hearing on the State's petition alleging Appellant E.D.A.R. engaged in delinquent conduct by committing criminal mischief.  E.D.A.R. argues the trial court erred in entering its order of adjudication because the evidence was factually insufficient to support the conviction. We affirm the judgment of the trial court.

### FACTUAL BACKGROUND

On November 7, 2007, B.M., a juvenile, was at his residence when his scooter and the exterior of his residence were spray-painted.  As B.M. opened the front door, he recognized Appellant E.D.A.R. and called out to him as E.D.A.R. and two other juveniles fled the scene.

Upon further examination, not only were the front of the residence and the scooter painted with spray paint, but the scooter also had wires pulled out causing further damage. E.D.A.R. was subsequently charged with criminal mischief.

## STANDARD OF REVIEW

"The Texas Family Code places juvenile delinquency proceedings in civil courts but requires that their adjudication be based on the standard of proof used in criminal cases." *In re M.C.*, 237 S.W.3d 923, 926 (Tex. App.—Dallas 2007, no pet.) (citing TEX. FAM. CODE ANN. §§ 51.17, 54.03(f) (Vernon 2008)); *see also In the Matter of A.C.*, 949 S.W.2d 388, 390 n.1 (Tex. App.—San Antonio 1997, no writ). Consequently, the State must prove its allegations of delinquency in juvenile cases beyond a reasonable doubt. TEX. FAM. CODE ANN. § 54.03(f) (Vernon 2008).

Appellate courts apply the same standards of review to challenges of the sufficiency of the evidence in the adjudication of a juvenile as in criminal cases. *See In re J.W.*, 198 S.W.3d 327, 330 (Tex. App.—Dallas 2006, no pet.). In the present case, E.D.A.R. challenges only the factual sufficiency of the evidence. In a factual sufficiency review, we consider all the evidence in a neutral light and only reverse if: (1) the evidence is so weak as to make the verdict "clearly wrong and manifestly unjust," or (2) the verdict is "against the great weight and preponderance of the evidence." *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

## CRIMINAL MISCHIEF

The State's petition alleged that E.D.A.R. damaged and destroyed tangible property, specifically a house and a scooter, by spray-painting the house and scooter and disconnecting wires on the scooter. A person commits the offense of criminal mischief if he damages or destroys another person's tangible property without that person's consent. TEX. PENAL CODE

ANN. § 28.03(a)(1) (Vernon Supp. 2008). When the pecuniary loss is more than $500, but less than $1,500, as charged in the information here, a person commits a Class A misdemeanor. *See id.* § 28.03(b)(3)(A)(i). Although he does not contest either the damages or the amount of damages, E.D.A.R. contends the evidence is factually insufficient to show, beyond a reasonable doubt, that he committed the charged offense.

## A. Testimony Before the Trial Court

B.M. testified that when he heard the sound of someone shaking a can of spray paint and paint being sprayed, he opened the door and saw E.D.A.R. spraying the back license plate on his scooter. B.M. explained that when he opened the door, he identified E.D.A.R. and E.D.A.R. looked up, saw him, and then "made a run for it." B.M. further explained that: he knew E.D.A.R. prior to the incident, he was standing approximately three yards from E.D.A.R. when he opened the door, there are floodlights on the front of the house and by where the cars are parked, and he was one-hundred percent sure that E.D.A.R. was the individual standing in front of him that night.

B.M.'s father, R.M., testified that B.W., another juvenile, came by the house with his mother the following day. B.W. apologized to R.M. explaining that he only watched as E.D.A.R. spray-painted. R.M. further testified that B.W.'s mother told him that she would contact E.D.A.R.'s father to take care of the damages.

The defense presented both E.D.A.R.'s mother and step-father as alibi witnesses testifying that E.D.A.R. was at home watching the television on the evening in question. E.D.A.R.'s step-father explained that he did not go to bed until 11:30 p.m. and that E.D.A.R. was not allowed out of the house after his 7:00 p.m. curfew.

**B. Discrepancies in the Testimony**

E.D.A.R. contends there is a significant amount of testimony that should undermine our confidence in the trial court's determination. *See Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003) (concluding that a factual sufficiency review requires the court of appeals to consider "the most important evidence that the appellant claims undermines the [fact-finder's] verdict."). E.D.A.R. points to several witnesses with regard to discrepancies in the testimony.

Although B.M. testified that he saw two other individuals with E.D.A.R. that evening, the police report only indicated there was one other individual. B.M. also testified that when he looked out his front door, he saw E.D.A.R. spray-painting his scooter, but the police report indicates that he first discovered the damage upon returning to his house. With regard to both questions, B.M. remained confident in his responses explaining that the police report was not a different version of the events, but was simply missing some details.

With regard to the damages, B.M. testified the scooter was standing, with the kickstand in place. Yet, during the cross-examination of Fred Trott, the owner of the mechanic's shop that repaired the scooter, the scooter "had been lying on its side, oil all over it, it tipped over, . . . and some of the wires had been pulled out of it." He further testified that the scooter being on its side caused "the gas to leak into the engine and plugged it up." Although E.D.A.R. argues this testimony is in direct conflict with B.M.'s version of the events, he fails to consider Trott's inability to testify when or for how long the scooter had been on its side.

E.D.A.R. also highlights the inconsistency between B.W.'s identification of E.D.A.R. as the individual spray-painting that evening and his mother's and step-father's alibi. Yet, once again, the testimony taken in the best light, reveals that between 11:30 p.m. and 4:30 a.m. no one could account for E.D.A.R.'s whereabouts. E.D.A.R.'s step-father corroborated R.M.'s

testimony that B.W.'s mother came over the following morning to remedy the damage; but refused to "fix the problem" without evidence E.D.A.R was involved.

## C. Analysis

In this case, the trial court was faced with two conflicting versions of the incident—B.M.'s identification of E.D.A.R. at his residence and E.D.A.R.'s mother's and step-father's testimony that E.D.A.R. never left their house. Just as the trial court was not required to believe B.M.'s identification, the trial court also was not required to credit the mother and step-father's version. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000) (en banc) (opining that resolving any conflicts in the evidence is within the exclusive province of the fact-finder); *Whitaker v. State*, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998). Given the conflicts in the testimony and the obvious relationship between E.D.A.R. and his mother and step-father, the trial court could have discredited the alibi defense.

Based on a neutral review of all of the evidence both for and against the trial court's determination, we find the record fails to show that the proof of E.D.A.R.'s guilt is so obviously weak as to undermine confidence in the trial court's verdict, or that the proof of guilt is greatly outweighed by contrary proof. We, therefore, conclude the evidence is factually sufficient to sustain the conviction. *See Johnson*, 23 S.W.3d at 11. Accordingly, we overrule E.D.A.R.'s sole issue on appeal.

Rebecca Simmons, Justice